## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANNIE HABERLEIN, individually
and on behalf of all other similarly                    Case No.
situated individuals,                                   Hon.

       Plaintiffs,

v.

UNITED WHOLESALE
MORTGAGE, LLC,

       Defendant.

_____

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Andrea Bernard (P49209) |
| NACHTLAW, P.C. | Warner, Norcross & Judd, LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 101 N. Main Street, Ste. 555 | 150 Ottawa Avenue |
| Ann Arbor, MI 48104 | 1500 Warner Building |
| (734) 663-7550 | Grand Rapids, MI 49503 |
| nhurwitz@nachtlaw.com | (616) 752-2199 |
| | abernard@wnj.com |

_____

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Annie Haberlein, by and through her attorneys, NACHTLAW, P.C.,

hereby allege as follows:

## INTRODUCTION

1.    This is an action for money damages, liquidated damages, costs,

attorneys' fees and other relief as a result of a requirement by Defendant United Wholesale Mortgage, LLC (hereinafter referred to as "Defendant") that employees who are not eligible for overtime pay work over 40 hours per week without receiving overtime pay compensation, which violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* This action is brought pursuant to the opt-in collective action provisions of the FLSA, 29 U.S.C. § 216(b).

## PARTIES AND JURISDICTION

2.     Plaintiff Annie Haberlein is an individual residing in Grosse Pointe Park, Michigan, which is located in Wayne County.

3.     Defendant United Mortgage is a company with its registered business address in Plymouth, Michigan, which is located in Wayne County.

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

5.     Venue is proper in this Court because Defendant's registered business address is located within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6.     Defendant is a publicly held for-profit company in Michigan operating as a wholesale lender that works exclusively with independent mortgage brokers across the country to provide home mortgages to consumers.

2

7.     At all times relevant to this Complaint, Defendant was Plaintiff's employer.

8.     At all times relevant to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

9.     Plaintiff brings this action on her own behalf and on behalf of all other similarly situated employees of Defendant, present and former, who were and/or are affected by the actions, pay schemes, policies and procedures of Defendant.

10.    In addition, Plaintiff brings this action in her individual capacity, separate and apart from the class and/or collective action claims set forth herein.

11.    At all times relevant to this Complaint, Plaintiff and other similarly situated individuals were employed as non-exempt "Account Executives" that are eligible for overtime pay.

12.    Defendant told Plaintiff and other similarly situated employees that they would only work a "Firm 40."

13.    Defendant told Plaintiff and other similarly situated employees that they should be able to perform their jobs effectively without working outside of normal business hours.

14.    In fact, however, Defendant instituted policies and practices to prevent Plaintiff and other similarly situated employees from being compensated for

3

working over 40 hours per week.

15.     For example, Plaintiff and other similarly situated employees were asked to attend pre-work early morning meetings called "Dominate at Eight," but not allowed to clock in for work until their official start time, thereby depriving them of compensable work time.

16.     "Dominate at Eight" typically accounted for 15-20 minutes of unpaid compensable work time even though it is time that is directly related to the job performed by Plaintiff and other similarly situated employees.

17.     When Plaintiff and other similarly situated employees clocked in earlier than their official start time, they would be reprimanded and Defendant's leaders (*i.e.*, managers) would alter time records to make it look like Plaintiff and other similarly situated employees were only working 40 hours or less.

18.     Plaintiff and other similarly situated employees were told to arrive to work at least 30 minutes early to catch up on emails and prepare for the day, even though they could not clock in until their official start time.

19.     When Plaintiff and other similarly situated employees were not working at least 15 minutes prior to their actual start time, they were often reprimanded by Defendant's leaders (*i.e.*, managers).

20.     Plaintiff and other similarly situated employees would clock out for one hour to take a "lunch" but in fact would continue to perform compensable work

4

during the unpaid lunch time due, in part, to Defendant requiring Plaintiff and other similarly situated employees to either (a) answer all work calls if they were eating lunch at their desk; or (b) forward their work phones to their personal cell phones so that they could answer work calls during their personal time.

21.     Plaintiff and other similarly situated employees worked outside of normal business hours, but their leaders (*i.e.*, managers) would manually adjust the time records of Plaintiff and other similarly situated employees to make it appear that only eight hours were worked and therefore no overtime pay was owed.

22.     Plaintiff and other similarly situated employees were required to conduct "weekend plays."

23.     "Weekend plays" required Plaintiff and other similarly situated employees to send at least a dozen text messages from their personal cell phones to potential clients with whom they had not worked with before, for the purpose of marketing Defendant's products and competitive prices.

24.     Plaintiff and other similarly situated employees had to verify with their leaders (*i.e.*, managers) that they had conducted "weekend plays" by sending screenshots of the text messages to leaders before the end of the weekend.

25.     Plaintiff and other similarly situated employees were required to forward their office work phones to their personal cell phones so that they could always be available to customers, even though they were not clocked in or paid for

the compensable time spent on such calls occurring outside of normal business hours.

26.    Plaintiff and other similarly situated employees were required to respond to clients on weekends, but Defendant did not allow Plaintiff and other similarly situated employees to clock in and be paid for work performed on the weekends.

27.    Defendant championed phrases like "want more, do more" to encourage Plaintiff and other similarly situated employees to work harder and devote more unpaid hours to the company.



28.    Plaintiff and other similarly situated employees consistently and regularly worked more than forty (40) hours per week.

29.    Defendant applied its policy and practice of not paying overtime compensation in the same manner to all affected employees.

30.    As a result of these actions, Account Executives employed by Defendant were and/or are unlawfully deprived of overtime compensation for all hours worked in excess of forty (40) per week.

31.    On www.glassdoor.com, current and former employees of Defendant anonymously left several remarks regarding unpaid overtime, including the following:

     a.    "The culture is absolutely toxic, pay is low, you're expected to put in hours on weekends with no bonuses or overtime."  Posted by anonymous on November 13, 2019.

     b.    "If we do work a firm 40, our leaders make us feel like we are letting our entire team down because we don't want to stay and work extra files and not receive any overtime for it."  Posted by anonymous on June 4, 2020.

     c.    "The hours can be very long and Seniors aren't paid for working overtime."  Posted by anonymous on October 20, 2020.

     d.    "Was a senior underwriter for couple years, no overtime and bonuses and be lost if you make an error, they brag about firm 40 BUT this job requires more than 40 hours a week and that extra time is not paid."  Posted by anonymous on October 28, 2020.

e.    Firm 40 doesn't apply to IT, people are forced to work nights and weekends to make unreasonable deadlines." Posted by anonymous on November 12, 2020.

f.    "I took the job because I was told it's easy to hit bonus, but upon hitting the floor they got rid of bonus for months, and then when it was implemented again the threshold was so high that almost no one could hit it without doing overtime (which is also forbidden)." Posted by anonymous on December 5, 2020.

g.    "Need to quit lying about firm 40 Underwriting literally has built in forced overtime called 'Rise and Grind.'" Posted by anonymous on April 27, 2021.

h.    "The firm 40 preached is non-existent more often than not if you want to reach your daily commitment goals." Posted by anonymous on June 4, 2021.

i.    "No overtime for the positions that work the most over 40 hours a week, no true firm 40, no work from home, and harder loans are not looked at any differently than very easy loans." Posted by anonymous on June 22, 2021.

32.    The collective action class pursuant to the FLSA is defined as all current and former employees of Defendant who worked as Account Executives at

8

any time from three (3) years preceding the filing of this lawsuit through the culmination of this litigation.   Plaintiff reserves the right to amend said class definition consistent with information obtained through discovery.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT AND FORMER

33.    Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

34.    At all times relevant to this action, Plaintiff and other similarly situated employees were Defendant's employees within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

35.    At all times relevant to this action, Defendant was the employer of Plaintiff and other similarly situated employees within the meaning of the FLSA.

36.    In violation of the FLSA, Defendant failed to pay Plaintiff and other similarly situated employees proper overtime compensation for hours worked in excess of forty (40) per week.

37.    Defendant has a policy and practice of failing and refusing to pay Plaintiff and other similarly situated employees for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

38.    Defendant's conduct in this regard was a willful violation of the FLSA.

9

39.     As a result of Defendant's unlawful acts, Plaintiff and all other similarly situated current and former employees were/are being deprived of earned wages in amounts to be determined at trial. They are entitled to compensation for unpaid overtime wages, interest, liquidated damages, attorneys' fees and costs, and any other remedies available at law or in equity.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated employees, the following:

a.      Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b.      An award of unpaid overtime wages under the FLSA;

c.      An award of liquidated damages under the FLSA;

d.      Interest;

e.      Attorneys' fees and costs under the FLSA; and

f.      Such other relief as in law or equity may pertain.

Respectfully Submitted,
NACHTLAW, P.C.
/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

Dated: July 27, 2021

10

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANNIE HABERLEIN, individually
and on behalf of all other similarly          Case No.
situated individuals,                          Hon.

      Plaintiffs,

v.

UNITED WHOLESALE
MORTGAGE, LLC,

      Defendant.

_____

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Andrea Bernard (P49209) |
| NACHTLAW, P.C. | Warner, Norcross & Judd, LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 101 N. Main Street, Ste. 555 | 150 Ottawa Avenue |
| Ann Arbor, MI 48104 | 1500 Warner Building |
| (734) 663-7550 | Grand Rapids, MI 49503 |
| nhurwitz@nachtlaw.com | (616) 752-2199 |
| | abernard@wnj.com |

_____

## DEMAND FOR TRIAL BY JURY

      Plaintiff Annie Haberlein, by and through her attorneys, NachtLaw, P.C., and

hereby demands a jury trial in the above-captioned matter for all issues so triable.

Respectfully Submitted,

NACHTLAW, P.C.

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

Dated: July 27, 2021